# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
JOSEPH H. YOUNG
JUDGE
BALTIMORE, MARYLAND 21201

January 17, 2001

```
_____FILED    _____ENTERED
_____LODGED   _____RECEIVED

    JAN 1 9 2001

     AT BALTIMORE
CLERK U.S. DISTRICT COURT
  DISTRICT OF MARYLAND
BY_____DEPUTY
```

Michael A. Stodghill, Esq.
7 St. Paul Street
Suite 1400
Baltimore, Maryland 21202

Allen F. Loucks, Esq.
Assistant United States Attorney
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

Mr. Matthew M. Kline, pro se
1109 Wayneswood Boulevard
Alexandria, Virginia 22308

      Re: USA, et al. v. Geriatric
          Psychological Services, Inc.,
          et al. - Civil No. Y-96-2219

Dear Counsel and Mr. Kline:

    I enclose a copy of an Order filed as of this date in the above case.

                            Very truly yours,

                            Joseph H. Young
                Senior United States District Judge

Enc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  \*
ex rel. CELESTE B. WISER,  \*
M.D.  \*
　　　　　　　　　　　　　　\*
　　　v.　　　　　　　　　　\*   CIVIL NO. Y-96-2219
　　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　\*
GERIATRIC PSYCHOLOGICAL     \*
SERVICES, INC., et al.      \*

**ORDER**

　　Celeste B. Wiser, M.D., Relator, petitions for an award of attorneys' fees and costs against defendants Geriatric Psychological Services, Inc., Timothy O'Shaughnessy, and Matthew Kline. Each defendant has settled with both plaintiffs.

　　Local Rule 109.2.b requires that any motion for attorneys' fees must include, <u>inter alia</u>, "a detailed description of the work performed broken down by hours or fractions thereof expended on each task." The "detailed billing report" submitted by Wiser is entirely blank under the heading "Professional Services." Beyond the Local Rule, without more information as to the work performed by Wiser's counsel, the Court cannot adequately assess one or two defendants' arguments that almost none of the work could have been directed to them. <u>See</u> Catherine C. Blake, <u>Rules and Guidelines for the Management of Attorneys' Fees</u>, 27 U. Balt. L. Rev. 1, 6 (1997).

　　Wiser claims that the requisite information is privileged.

1

The Court will direct her to submit a detailed billing statement for *in camera* review. The Local Rules contemplate disclosure of detailed billing statements. Defendants ordinarily should be able to examine such statements in order to challenge them in this and perhaps other courts. Therefore, the statement should be accompanied by a detailed explanation of the grounds upon which Wiser claims the privilege. The Court will consider whether the claims of privilege are warranted and will release the statement to opposing counsel if not.

Accordingly, it is this 17th day of January, 2001, by the United States District Court for the District of Maryland,

ORDERED: That Celeste B. Wiser submit, for *in camera* review, a billing statement in compliance with Local Rule 109.2.b, in support of Relator's First Petition for Attorneys' Fees and Costs, by February 17, 2001.

　　　　　　　　　　　　　　　　／s／ Joseph H. Young
　　　　　　　　　　　　　　Joseph H. Young
　　　　　　　　　　Senior United States District Judge